IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03122-M-RJ

| | |
|---|---|
| RASHAN A. MEBANE, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| JAMIE BULLARD, et al., ) | |
| Defendants. ) | |

This case was opened on May 14, 2024, pursuant to an order in Williams, et al. v. Bullard, et al., No. 5:24-CT-03095-BO (E.D.N.C. May 14, 2024), Order [D.E. 3] at 2–3 (directing the clerk to open a separate action under 42 U.S.C. § 1983 for each plaintiff in that case).

On May 28, 2024, Rashan A. Mebane ("plaintiff"), a state inmate, timely filed *pro se* his motion to proceed without prepayment of fees, which the court granted. See [D.E. 2, 7].

On November 19, 2024, the court conducted its initial review under 28 U.S.C. § 1915A and directed plaintiff to file a particularized complaint. See Order [D.E. 8].

On December 10, 2024, plaintiff filed an amended complaint. See Am. Compl. [D.E. 9].

The court now conducts its initial review of the amended complaint and, for the reasons discussed below, dismisses the action.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are

"based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

### Plaintiff's Amended Complaint:

Plaintiff generally alleges that, at Tabor C.I. from June 30 to October 24, 2022, Warden Jamie Bullard, Unit Manager Marc McPherson, Assistant Unit Manager Jason Johnson, Codey Collins, and North Carolina Governor Roy Cooper (collectively, "defendants") violated his First and Fourteenth Amendment rights. See Am. Compl. [D.E. 9] at 1–5.

2

Case 5:24-ct-03122-M-RJ    Document 10    Filed 12/12/24    Page 2 of 4

Plaintiff specifically alleges, *inter alia*, that: in the Tabor C.I. ICON unit, McPherson and Johnson denied access to the law library on tablets; he was told to contact Warden Bullard; McPherson told him he could write Codey Collins and Governor Cooper but that they couldn't help; he was transferred to another prison; he started having seizures and losing weight due to stress because he was "trying to get back into court" before his transfer to Tabor C.I.; due to "not being able to properly fight the case," he was "forced to give up." Id. at 5–6.

As to his injury, plaintiff asserts, *inter alia*: his First and Fourteenth Amendment rights were denied; "without the law library," he "was unable to learn the basic needs for fighting [his] case properly"; and he was denied the same access as inmates not in the ICON unit. See id. at 7.

For relief, plaintiff states: "I would like the court to understand that due to the lack of resources I was 'neglected.' I suffered from not being able to fight my case while being held in ICON at Tabor [C.I.]. Everywhere else the law library is on the tablet, but not there." Id. at 8.

## Discussion:

First, the amended complaint, even liberally construed, fails to plausibly allege the involvement of Codey Collins or Governor Cooper in any purported violation of plaintiff's constitutional rights. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); Monell, 436 U.S. at 691–92; Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994); Wright, 766 F.2d at 850.

Next, although prisoners have a right to reasonable access to state and federal courts, see Ex Parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam), plaintiff's bald, threadbare access-to-courts claims fail to identify with specificity an actual injury or "demonstrate that a nonfrivolous legal claim had been frustrated or impeded."

3

Case 5:24-ct-03122-M-RJ    Document 10    Filed 12/12/24    Page 3 of 4

Lewis v. Casey, 518 U.S. 343, 351–52 (1996); id. at 351 (noting prisoners lack an "abstract, freestanding right to a law library"); see Christopher v. Harbury, 536 U.S. 403, 414–15 (2002) discussing required showing for backward-looking access-to-courts claim and noting allegations of a lost remedy must be sufficiently specific to give fair notice to defendants (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513–515 (2002)); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); see also Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Next, plaintiff's contentions also are far too threadbare to state a viable claim under the Fourteenth Amendment's Equal Protection Clause. Cf. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."); see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555; see also Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997) (finding inmates are not a suspect class under equal-protection analysis).

Finally, because plaintiff has already particularized and his complaint cannot be cured by further amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

Conclusion:

In sum, the court: DISMISSES the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1); and DIRECTS the clerk to close the case.

SO ORDERED this 11th day of December, 2024.

RICHARD E. MYERS II
Chief United States District Judge